

**MICHAEL A. CARDOZO**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**WESLEY E. BAUMAN**
*Assistant Corporation Counsel*
Phone: (212) 788-0517
Fax: (212) 788-9776
wbauman@law.nyc.gov

January 13, 2012

**Via ECF & Regular Mail**
Honorable Sandra L. Townes
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Stewart, et al. v. City of New York, et al
    11 Cv. 5133 (SLT)(RML)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel representing defendant City of New York ("defendant City") in the above-referenced matter. This letter is submitted in accordance with Your Honor's individual practices to request a pre-motion conference concerning defendant City's anticipated motion to dismiss the claims by plaintiff Evelyn Stewart pursuant to Rule 12 of the Federal Rules of Civil Procedure.[1]

By way of background, plaintiff Stewart previously brought a lawsuit on or about February 14, 2011 against defendant City and "John Doe" Police Officers under docket number 11 Cv. 0711 (SLT)(JMA) ("Stewart 1"). Stewart 1 alleged, *inter alia*, that on November 24, 2010 she and four co-plaintiffs were unlawfully arrested by the defendants therein.[2] Stewart 1 also contained a municipal liability claim against defendant City. At all times during Stewart 1, plaintiff Stewart was represented by the same attorney as in this action. On or about July 7, 2011, the Stewart 1 parties entered into a Stipulation of Settlement and Order of Dismissal. In connection therewith, plaintiff Stewart executed a General Release releasing the defendants, including the City of New York, "from any and all claims which were or could have been alleged by me in the aforementioned action, including all claims for attorneys' fees, expenses and costs."

---

[1] Defendant City will answer the claims brought by co-plaintiff Shanice Jackson on January 13, 2012.
[2] In fact, plaintiff Stewart alleged in Stewart 1 that she was unlawfully arrested in the same location as alleged in this action.

On or about October 21, 2011, approximately three months after the Stewart 1 General Release was entered into, the present complaint against the City of New York was filed. The present complaint alleges, *inter alia*, that on January 12, 2011, plaintiff Stewart was falsely arrested. The complaint also includes a municipal liability claim against defendant City.

Defendant City respectfully requests that it be permitted to bring a motion to dismiss plaintiff Stewart's claims in their entirety, including the municipal liability claim, based on the foregoing General Release that was executed by plaintiff Stewart in Stewart 1. There can be little doubt that plaintiff Stewart's claims arising out of the events of January 12, 2011, could have been alleged in Stewart 1, particularly given the fact that Stewart 1 was commenced on February 14, 2011. There can also be no doubt that plaintiff Stewart's allegation that she was arrested and seized pursuant to an unlawful policy, practice or custom of defendant City could have been alleged in Stewart 1 as well. Thus, defendant City would like to make a motion to dismiss plaintiff Stewart's claims in their entirety on the basis of the release executed by plaintiff Stewart in Stewart 1.

The General Release is broadly worded and unequivocal. Plaintiff Stewart agreed in consideration for the settlement amount in Stewart 1 to release defendant City and its agents not just from any and all claims which were alleged by her in Stewart 1, but from any and all claims which could have been alleged by her therein. District courts within this Circuit have consistently held that similar releases bar claims made under similar circumstances to what plaintiff Stewart is attempting to do here, namely enter into a settlement and then maintain other claims that "could have been alleged" in a prior action. Lewis v. City of New York, 10 Cv. 3266 (RJD)(LB), slip op., (E.D.N.Y. July 28, 2011) (dismissing plaintiff's case "[g]iven the broad release to which plaintiff previously agreed"); Gittens v. City of New York, 10 Cv. 8502 (PAC), slip op., (S.D.N.Y. May 11, 2011) (dismissing plaintiff's case and giving effect to the plain language of the release where plaintiff "knew of both incidents when he settled the first action"); Tromp v. City of New York, 11 Cv. 2794 (JBW)(RLM), slip op., (E.D.N.Y., October 4, 2011).[3]

As such, defendant City's proposed motion is meritorious and defendant City respectfully requests permission to make it.

Very truly yours,

/s/

Wesley E. Bauman
Assistant Corporation Counsel

cc: Hon. Robert M. Levy (By ECF)
Robert Marinelli, Esq. (By ECF)

---

[3] The cited to unpublished decisions are attached hereto as Exhibit A.

- 2 -